# Aleck Lisseck, Defendant in Error, v. Christ Anderson, Plaintiff in Error.

## Gen. No. 16,173.

MALICIOUS PROSECUTION—*what essential to recover in action for.* In actions of this character to be successful the plaintiff must establish by a preponderance of the evidence that the defendant acted without reasonable cause and was actuated by malice.

Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed with a finding of fact. Opinion filed February 20, 1912.

ALDEN, LATHAM & YOUNG, for plaintiff in error; CHARLES MARTIN, of counsel.

GEORGE B. COHEN and JOHN D. CLANCY, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This case is before us upon a writ of error to reverse a judgment of the Municipal Court of Chicago in favor of Aleck Lisseck, defendant in error here, against Christ Anderson, plaintiff in error. The cause was one of the fourth class, and was tried by a court without a jury. It resulted in a finding and judgment for plaintiff for $100.

Plaintiff's statement of claim was for damages for assault and battery upon him alleged to have been committed by defendant August 5, 1909. This statement was subsequently amended to include a charge of malicious prosecution of plaintiff by defendant without reasonable or probable cause on a charge of larceny and disorderly conduct. The trial was had on October 7, 1909, at which time the court found for the

plaintiff in the sum of $100. A motion for a new trial was entered, which, upon the 16th of October, was denied, whereupon the court allowed plaintiff to amend his statement of claim, *nunc pro tunc* as of October 7th, so as to charge false imprisonment, in addition to the other alleged causes of action.

Various grounds of error are assigned and argued, among them being the alleged error on the part of the court in allowing an amendment after the cause had been tried, and in the admission and exclusion of evidence, but the error mainly relied upon is that the finding and judgment of the court below was wrong upon the merits. From the record it appears that Lisseck, who had formerly been employed by Anderson, came to the latter's place of business on the 5th of August, 1909, to procure money alleged to be due him for services rendered Anderson. There had been some controversy as to the amount due, and when Lisseck came, one Schreiber, a partner or employe of Anderson, contended that there was due Lisseck but fifty cents, while Lisseck claimed a much larger amount. The matter was adjusted between them upon the agreement that Lisseck should receive $4 and receipt therefor in full for all services. The money, with the receipt for Lisseck to sign, being produced, a quarrel or brawl followed, concerning which the testimony of the parties is directly opposed; Lisseck claiming that immediately upon receiving the money and the receipt which he was to sign, he was assaulted by Schreiber and struck several times by him and afterward by Anderson himself, and that he made a great outcry, shouting "Police! Murder! Police!" etc.; that both he and Anderson called for the police patrol, which came, and he and Anderson were both taken to the station, where one of the police officers swore out a complaint against him, charging disorderly conduct; that he was detained about three hours, and on the following day was discharged. The testimony on be-

half of defendant was to the effect that when the $4, with the receipt which was to be signed, were tendered by Schreiber, Lisseck grabbed both the money and the receipt, and started to run, yelling at the top of his voice and calling a crowd about; that Anderson detained him until the police patrol arrived; that neither Schreiber nor Anderson struck or beat Lisseck in any manner, and that Anderson sought and aided in procuring the discharge of Lisseck on the day after the disturbance.

We have carefully examined the testimony given before the court below, and in our opinion it entirely fails to show malice on the part of Anderson, or justify the finding and judgment of the court. No useful purpose would be subserved by setting out in detail the testimony, or the remarks of the court in passing upon the case. We think the court misconceived the situation and reached a wrong conclusion upon the facts before it and the law applicable thereto. The testimony of the plaintiff himself was in some respects inconsistent and incoherent, and his corroboration was very slight; indeed, he was directly contradicted by his own witnesses as to some material circumstances. Lisseck's own attorney testified in his behalf. This was manifestly improper and particularly since it involved a statement by such attorney as to what he had been told by his own client.

It is familiar law that, in actions of this character, to be successful the plaintiff must establish by a preponderance of the evidence that the defendant acted without probable cause, and was actuated by malice, and this, we think, this record entirely fails to establish. It follows, therefore, that the judgment of the court below was wrong and must be reversed; and, as we are clearly of the opinion from the record in this case that the testimony entirely fails to justify the claim that the defendant acted maliciously and without probable cause, the case will not be remanded, but

judgment entered here in favor of plaintiff in error.
*Judgment reversed with a finding of fact.*